## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

JANE DOE,

      Plaintiff,

                              Case No:

v.

                              Hon.

COUNCIL ON DOMESTIC VIOLENCE
AND SEXUAL ASSAULT, a/k/a
SHELTERHOUSE OF MIDLAND,
A domestic nonprofit corporation

      Defendant.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Jane Doe (hereinafter "Plaintiff"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.     Plaintiff, Jane Doe, is a resident of the City of Mount Pleasant, County of Isabella and State of Michigan.

2.     Defendant, Council on Domestic Violence and Sexual Assault,

commonly known as Shelterhouse of Midland (hereinafter "Defendant") is a domestic nonprofit corporation with a registered agent of Denise Berry, who has an address of 2500 Waldo Avenue, Midland, MI 48642.

3.     Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.     This Court has federal question jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331.

5.     This Court has pendant jurisdiction over Plaintiff's state law claims that arise from the same nucleus of operative facts as Plaintiff's federal law claims.

6.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in this Court.

7.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment due to Plaintiff's disability, and retaliation because of, in violation of the American with Disabilities Act of 1990 ("ADA"), the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* ("PWDCRA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"), which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

8.     Plaintiff incorporates by reference paragraphs 1 through 7 of the

Complaint as though fully set forth herein.

9.      Plaintiff is a forty-six (46) year old woman.

10.     Plaintiff began her employment with Defendant as a Clinical Director on or about May 13, 2019.

11.     Plaintiff suffers from anxiety which is a disability that significantly interferes with major life activities, including but not limited to her ability to think, speak or communicate.

12.     Plaintiff suffered a panic attack while employed by Defendant, and it led to the Plaintiff suffering from increased anxiety and related symptoms while employed by the Defendant.

13.     At all times relevant, Plaintiff was able to perform the essential functions of her job with and without reasonable accommodations.

14.     Plaintiff's symptoms manifested during her employment.

15.     In or about January 2020, Plaintiff informed her supervisors and people in management of her condition and her need for support.

16.     Plaintiff asked her management for reasonable accommodations.

17.     During this meeting with the Defendant agency's supervisors and people in management, Plaintiff was ridiculed and belittled by Defendant agency's agents, employees for her condition and her age.

18.     After this meeting, Defendant's supervisors or people in management

reached out to the Plaintiff, telling Plaintiff that Defendant would have a meeting to discuss accommodation solutions.

19.     On February 17, 2020, instead of a meeting to discuss accommodations for Plaintiff, Plaintiff was informed by the Defendant's agents or employees that she had been fired from her position as a Clinical Director.

20.     Plaintiff was replaced by a younger person in her 20's.

21.     Defendant denied any reasonable accommodations to the Plaintiff regarding her disability and did not engage in the interactive process.

22.     At all times, Defendant was Plaintiff's employer within the meaning of the Americans with Disabilities Act, the Michigan Persons with Disabilities Civil Rights Act, and the Age Discrimination in Employment Act.

23.     On or about November 10, 2022 Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

## COUNT I
## VIOLATIONS OF THE
## AMERICANS WITH DISABILITIES ACT OF 1990

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25.     At all times relevant Plaintiff suffered from anxiety and related symptoms, a disability under the ADA, and which substantially interferes with major life activities.

26.     Plaintiff suffered from a disability of anxiety and related symptoms, and Defendant perceived and regarded Plaintiff as a person with a disability which substantially limited and interfered with major life activities, including but not limited to, thinking, speaking and communicating.

27.     Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

28.     Plaintiff's disability was a factor in Defendant's employment decisions, including refusing to provide reasonable accommodations and termination.

29.     Defendant is an employer within the meaning of the ADA.

30.     Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disability, her perceived or regarded disability, and her request for accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected, she was ridiculed subjected to a hostile work environment and terminated.

31.     Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

32.     Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability; and

b. Failing to engage in the interactive process;

c. Creating a hostile an offensive work environment for Plaintiff by ridiculing her due to her disability, which impaired her ability to work;

d. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace; and

e. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

f. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

33. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

34. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including:

a. Economic damages;

b. Mental anguish;

c. Embarrassment;

d. Anxiety;

e.  Emotional distress;

f.  Loss of self-esteem; and

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS
## WITH DISABILITIES ACT, MCLA § 37.1101, *ET SEQ.*

35.   Plaintiff incorporates by reference Paragraphs 1 through 34 above as though more fully set forth herein.

36.   Plaintiff suffers from anxiety and related symptoms, which is a disability under the Michigan Persons with Disabilities Civil Rights Act, MCLA §37.1101, *et seq.* (PWDCRA).

37.   Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA § 37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

38.   Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to, refusing to accommodate her and terminating her.

39.     Defendant is an employer within the meaning of the PWDCRA.

40.     Plaintiff has been subjected to discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected, she was refused reasonable accommodations by Defendant and terminated.

41.     Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

42.     Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

  a.  Violating the laws against discrimination by refusing to accommodate Plaintiff;

  b.  Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

  c.  Creating a hostile and offensive work environment for Plaintiff.

43.     Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

44.     As a direct and proximate result of Defendants discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

8

a. Economic damages;

b. Mental anguish;

c. Embarrassment;

d. Anxiety;

e. Emotional distress; and

f. Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## AGE DISCRIMINATION

45. Plaintiff incorporates by reference paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. Plaintiff was 45 years old at the time she was terminated by the Defendant.

47. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621, Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon his age.

48.     Plaintiff's age was a factor in Defendants' employment decisions, and adverse employment actions, including termination.

49.     Defendant is Plaintiff's employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

50.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including being subjected to a hostile work environment and adverse employment action based upon her age.

51.     Plaintiff was terminated due to her age and replaced by a younger woman.

52.     The age discrimination and adverse employment actions by Defendant were intentional and willful, and had the purpose and/or effect of substantially interfering with Plaintiff's employment.

53.     The age discrimination and conduct by Defendant violate the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 623.

54.     As a proximate result of the age discrimination and conduct by Defendant, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, embarrassment, humiliation, mortification, outrage,

anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant, in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT IV**
**RETALIATION**

55.     Plaintiff incorporates by reference Paragraphs 1 through 54 above as though more fully set forth herein.

56.     Defendant is an "employer" as defined in the ADA and the PWDCRA.

57.     Plaintiff engaged in a protected activity by requesting a reasonable accommodation.

58.     Defendant knew or should have known that Plaintiff was engaging in a protected activity by requesting reasonable accommodation.

59.     As a direct result of Plaintiff engaging in the above-referenced protected activity, Defendant retaliated against Plaintiff by ridiculing her, mocking her, creating an offensive and hostile work environment and terminating her.

60.     Because of the unlawful conduct of Defendant, and as a proximate result of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-

esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, Michigan 48025
     (248) 540-6800-telephone
     (248) 540-6814-fax
     sbatey@bateylaw.com

Dated: February 2, 2023

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff, Mandy Wigren, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated:  February 2, 2023