UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE,

    Plaintiffs,                              Case no. 2:23-cv-10280
                                              Hon. DPH-PTM

-vs-

COUNSEL ON DOMESTIC VIOLENCE AND
SEXUAL ASSAULT, a/k/a  SHELTERHOUSE
OF MIDLAND, a domestic nonprofit corporation,

    Defendant.
_____/

| | |
|---|---|
| SCOTT P. BATEY (P54711) | PLUNKETT COONEY |
| Batey Law Firm, PLLC | BRIAN T. MCGORISK P44353 |
| Attorney for Plaintiff | Attorney for Defendant |
| 30200 Telegraph Road, Suite 400 | 111 E. Court Street, Suite 1B |
| Bingham Farms, MI 48025 | Flint, MI  48502 |
| (248) 540-6800; | (810) 342-7005 |
| Fax (248) 540-6814 | bmcgorisk@plunkettcooney.com |
| sbatey@bateylaw.com | |

_____/

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

      NOW COMES Defendant, COUNSEL ON DOMESTIC VIOLENCE AND SEXUAL ASSAULT a/k/a SHELTERHOUSE OF MIDLAND ("Shelterhouse"), by and through its attorneys, PLUNKETT COONEY, and for its Answer to Plaintiff's Complaint, states as follows:

1. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

2. In response to this paragraph, Defendant pleads no contest.

3. Defendant is not contesting venue.

4. Defendant is not contesting jurisdiction.

5. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

6. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

7. Defendant admits that Plaintiff is making allegations of violation of the American With Disabilities Act, the Michigan Persons with Disability Civil Rights Act and Age Discrimination and Employment Act. As to the remaining allegations defendant neither admits nor denies the same without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

## GENERAL ALLEGATIONS

8. Defendant adopts and incorporates by reference its answers to paragraphs 1 through 7 as though fully set forth herein.

9. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

10. The allegations in this paragraph are admitted.

11. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs. Defendant further responds that to its knowledge plaintiff exhibited no signs she suffered from anxiety or a disability.

12. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs. Defendant further responds that plaintiff never complained or exhibited signs that she suffered from panic attacks.

13. In response to this paragraph Defendant denies the allegations insofar as Plaintiff was unable to perform the functions of her job which is the reason she was terminated. In further response, Plaintiff never requested any type of accommodations.

14. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

15. In response to this paragraph, Defendant denies the allegations as untrue.

16. In response to this paragraph, Defendant denies the allegations as untrue.

17. In response to this paragraph, Defendant denies the allegations as untrue.

18. In response to this paragraph, Defendant denies the allegations as untrue.

19. In response to this paragraph, Defendant denies that there was a meeting to discuss accommodations for Plaintiff. Defendant admits that there was a meeting in which Plaintiff was terminated.

20. In response to this paragraph, Defendant denies the allegations as untrue.

21. In response to this paragraph, Defendant denies the allegations as untrue.

22. This paragraph is a legal conclusion and therefore no answer is required. To the extent one is required, Defendant neither admits nor denies

the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

23. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

24. Defendant adopts and incorporates by reference its answers to paragraphs 1 through 23 as though fully set forth herein.

25. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs. Defendant further responds that plaintiff never complained nor exhibited any signs indicating that she was suffering from anxiety or a disability.

26. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs. Defendant further responds it never perceived and regarded Plaintiff as a person with a disability.

27. In response to this paragraph, it is a legal conclusion and therefore no answer is required. To the extent one is required, Defendant neither admits

nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

28. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

29. In response to paragraph 29, it is a legal conclusion and therefore no answer is required.

30. In response to this paragraph, Defendant denies the allegations as untrue.

31. In response to this paragraph, Defendant denies the allegations as untrue.

32. In response to this paragraph (including subparagraphs a. through f.), Defendant denies the allegations as untrue.

33. In response to this paragraph, Defendant denies that there was any discriminatory conduct on its part as it is untrue.

34. In response to this paragraph, (including subparagraphs a. through f.), Defendant denies that there was any unlawful conduct on its part as it is untrue. As to the remaining allegations, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

WHEREFORE, Defendant requests a judgment in its favor for no cause of action along with costs and attorney fees incurred in the defense hereof.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA Sec. 37.1101, ET SEQ.

35. Defendant adopts and incorporates by reference its answers to paragraphs 1 through 34 as though fully set forth herein.

36. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

37. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

38. In response to this paragraph, Defendant denies the allegations as untrue.

39. In response to paragraph 39, it is a legal conclusion and therefore no answer is required.

40. Defendant admits Plaintiff was terminated. As to the remaining allegations Defendant denies the same as they are untrue.

41. In response to this paragraph, Defendant denies the allegations as untrue.

42. In response to this paragraph, (including subparagraphs a. through c.), Defendant denies the allegations as untrue.

43. In response to paragraph 43 Defendants admits only those duties imposed by law but denies breach of any said duties.

44. In response to this paragraph (including subparagraphs a. through f) Defendant denies any discrimination as it is untrue. As to the remaining allegations Defendant neither admits nor denies the same without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

WHEREFORE, Defendant requests a judgment in its favor for no cause of action along with costs and attorney fees incurred in the defense hereof.

## COUNT III
## AGE DISCRIMINATION

45. Defendant adopts and incorporates by reference its answers to paragraphs 1 through 44 as though fully set forth herein.

46. In response to this paragraph, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

47. In response to this paragraph, it is a legal conclusion and therefore no answer is required. To the extent one is required, Defendant neither admits

nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

48. In response to this paragraph, Defendant denies the allegations as untrue.

49. In response to this paragraph, it is a legal conclusion and therefore no answer is required.

50. In response to this paragraph, Defendant denies the allegations as untrue.

51. In response to this paragraph, Defendant denies the allegations as untrue.

52. In response to this paragraph, Defendant denies the allegations as untrue.

53. In response to this paragraph, it is a legal conclusion and therefore no answer is required.

54. In response to paragraph 54, Defendant denies that there was any age discrimination as it is untrue. As to the remaining allegations, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

WHEREFORE, Defendant requests a judgment in its favor for no cause of action along with costs and attorney fees incurred in the defense hereof.

## COUNT IV
## RETALIATION

55. Defendant adopts and incorporates by reference its answers to paragraphs 1 through 54 as though fully set forth herein.

56. In response to this paragraph, it is a legal conclusion and therefore no answer is required.

57. In response to this paragraph, Defendant denies the allegations as untrue.

58. In response to this paragraph, Defendant denies the allegations as untrue.

59. In response to this paragraph, Defendant denies the allegations as untrue.

60. In response to paragraph 60, Defendant denies that there was any unlawful conduct as it is untrue.  As to the remaining allegations, Defendant neither admits nor denies the allegations without sufficient information to form a belief and therefore leaves Plaintiff to her proofs.

WHEREFORE, Defendant requests a judgment in its favor for no cause of action along with costs and attorney fees incurred in the defense hereof.

PLUNKETT COONEY

*[signature]*

_____
Brian T. McGorisk P44353
Attorney for Defendant
111 E. Court Street, Ste. 1B
Flint, MI 48502
810-342-7005
bmcgorisk@plunkettcooney.com

DATE: March 17, 2023

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, COUNSEL ON DOMESTIC VIOLENCE AND SEXUAL ASSAULT a/k/a SHELTERHOUSE OF MIDLAND ("Shelterhouse"), by and through its counsel, PLUNKETT COONEY, and for its affirmative defenses, states as follows:

1. There are no genuine issues as to any material fact, and therefore Defendant is entitled to summary judgment as a matter of law.

2. That Plaintiff's claims are barred, in whole or in part, by the statute of limitations, laches, and other applicable statutes and rules.

3. Plaintiff has failed to state a claim in whole or in part upon which relief may be granted and therefore, Defendant is entitled to dismissal or summary judgment as a matter of law.

4. Plaintiff's discrimination claims fail as a matter of law because she was not treated differently than any similarly-situated employee(s) outside Plaintiff's protected class.

5. Plaintiff's claims should be barred to the extent that such claims occurred outside the statute of limitations and/or are outside of the allegations raised in the EEOC Charge of Discrimination.

6. Plaintiff's claims may be barred as she was a ministerial employee and therefore the Court lacks subject matter jurisdiction over the case.

7. All adverse actions taken against Plaintiff were based on legitimate, non-discriminatory, non-retaliatory, and lawful reasons.

8. Plaintiff may have failed, in whole or in part, to mitigate her damages.

9. Plaintiff may have failed to exhaust internal grievance procedures or remedies or to take advantage of preventative and/or corrective opportunities provided by Defendant.

10. Plaintiff's claims may be barred by the doctrines of waiver, release, accord and satisfaction.

11. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

12. Plaintiff's claims are not warranted under existing law and are unsupported by credible evidence available to Plaintiff upon filing her Complaint.

13. Defendant reserves the right to amend its affirmative defenses and include additional affirmative defenses as they become known and necessary during the court of trial.

> PLUNKETT COONEY
>
> /s/ R.T.M.
>
> _____
> Brian T. McGorisk P44353
> Attorney for Defendant
> 111 E. Court Street, Ste. 1B
> Flint, MI 48502
> 810-342-7005
> bmcgorisk@plunkettcooney.com

DATE: March 17, 2023

**RELIANCE ON JURY DEMAND**

NOW COMES Defendant, COUNSEL ON DOMESTIC VIOLENCE AND SEXUAL ASSAULT a/k/a SHELTERHOUSE OF MIDLAND ("Shelterhouse"), by and through its counsel, PLUNKETT COONEY, and hereby relies on the jury demand previously filed in the above matter.

PLUNKETT COONEY

*[signature]*

_____

Brian T. McGorisk P44353
Attorney for Defendant
111 E. Court Street, Ste. 1B
Flint, MI 48502
810-342-7005
bmcgorisk@plunkettcooney.com

DATE: March 17, 2023

## PROOF OF SERVICE-

Carol L. Essenmacher certifies that a copy of the foregoing was served upon all counsel of record on 3/17/23 via the United States District Court pacer notification. I declare under the penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

*Carol L. Essenmacher*

## CERTIFICATE OF ELECTRONIC FILING

Carol L. Essenmacher certifies that a copy of the foregoing was served upon all counsel of record in the above cause via electronic filing with the United States District Court, Eastern District on _____, and that all counsel will get notification of such filing from the court. I declare under the penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

*Carol L. Essenmacher*

Open.02503.05107.30683925-1